**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

PERDUE FARMS INCORPORATED :

v. : Civil No. CCB-06-283

DESIGN BUILD CONTRACTING CORPORATION :

## MEMORANDUM

Now pending before the court is defendant Design Build Contracting Corporation's ("DBCC") motion to dismiss for lack of jurisdiction, alternatively, motion to transfer jurisdiction and stay proceedings pending outcome of arbitration. The issues have been fully briefed and no hearing is necessary. Local Rule 105.6. For the reasons that follow, the defendant's motion will be granted, in part, and the case will be transferred.

## BACKGROUND

Plaintiff Perdue Farms ("Perdue") brings this breach of contract claim seeking $862,000 in damages for DBCC's breach of the parties' March 2004 contract and subsequent October 2004 agreement. As the court finds both that it is without personal jurisdiction over DBCC and that venue is improper, the relevant details of this dispute will be only briefly recounted here. In or around March of 2004, Perdue, a Maryland corporation, and DBCC, a Tennessee corporation, entered into a construction contract whereby DBCC agreed to perform certain construction work at a Perdue facility in North Carolina. During the performance of the contract, it is alleged that DBCC defaulted on its obligation to pay its subcontractors, that Perdue and DBCC agreed that Perdue would make the defaulted payments, and that DBCC would reimburse Perdue for doing

so. Whether or not such a default and breach occurred, and whether or not, as DBCC argues, these claims must be arbitrated, will not be addressed because this court lacks personal jurisdiction and the case must be transferred to another district.

**ANALYSIS**

DBCC has moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(2) and (3) because the court lacks personal jurisdiction over the defendant and because venue is improper. When a defendant challenges a court's personal jurisdiction under Rule 12(b)(2), the burden rests ultimately with the plaintiff to prove, by a preponderance of the evidence, grounds for jurisdiction. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 396-97 (4th Cir. 2003).[1] A federal court may exercise personal jurisdiction over a nonresident defendant such as DBCC if (1) jurisdiction is authorized under the long-arm statute of the forum state, and (2) the assertion of jurisdiction comports with the Fourteenth Amendment due process requirements. *Id., citing Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001).

Primarily addressing the issue of venue, Perdue makes no effort to "identify a specific Maryland statutory provision authorizing jurisdiction." *Ottenheimer Publishers, Inc. v. Playmore, Inc.,* 158 F.Supp.2d 649, 652 (D.Md. 2001). Nevertheless, it appears that Perdue comes closest to relying on a provision of Maryland's long-arm statute that confers personal jurisdiction over a corporation that "transacts any business" in the state. Md. Code. Ann., Cts. &

[1] Because the court is considering the motion to dismiss without conducting an evidentiary hearing, Perdue is only required to make a *prima facie* showing that personal jurisdiction existed. *See Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). Perdue does not make such a showing.

Jud. Proc. § 6-103(b)(1).[2]

Because Maryland courts have held that Maryland's long-arm statute is co-extensive with the scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment, the statutory and constitutional inquiries merge. *See Carefirst,* 334 F.3d at 396-97; *see also Ellicott Mach. Corp., Inc. v. John Holland Party Ltd.* 995 F.2d 474, 477 (4th Cir. 1993)("We need not, however, determine that issue separately from the due process question...[b]ecause the Maryland legislature designed its long-arm statute to extend personal jurisdiction to the limits allowed by federal due process...').[3] While transacting business in Maryland can confer personal jurisdiction under the long-arm statute, the isolated event of entering into a one-time contractual relationship with a Maryland corporation ordinarily will not

---

[2] Md. Code Ann., Cts. & Jud. Proc. § 6-103(a) and (b) reads: (a) If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section. (b) A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State;
(2) Contracts to supply goods, food, services, or manufactured products in the State;
(3) Causes tortious injury in the State by an act or omission in the State;
(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
(5) Has an interest in, uses, or possesses real property in the State; or
(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

[3] While the statutory and constitutional inquiries merge, it should be noted that it is difficult to see how a defendant in DBCC's position can reasonably be said to have "transacted business" in Maryland. The conflating of the two inquiries, while clearly the appropriate approach in this Circuit, appears, in some cases, to ignore the language of the long arm statute. This case may be one such example. *See Joseph M. Coleman & Assoc. Ltd. v. Colonial Metals,* 887 F.Supp. 116, 118-19, n.2 (D.Md. 1995).

suffice.

To demonstrate that the assertion of jurisdiction comports with Fourteenth Amendment due process requirements, Perdue must make a showing that DBCC had sufficient "minimum contacts" with the forum state. *Carefirst*, 334 F.3d at 397 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Supreme Court has articulated two tests for determining whether a defendant's contacts with a forum suffice to confer personal jurisdiction over the defendant. If the cause of action does not arise from or relate to the defendant's activities in the forum, a plaintiff must prove that the defendant's contacts are "continuous and systematic" and so support the exercise of general personal jurisdiction over the defendant. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Here, there is no evidence or argument that DBCC's contacts with Maryland were continuous and systematic, leaving Perdue to demonstrate that the cause of action arises out of or is related to DBCC's activities within the forum, and that specific personal jurisdiction is appropriate. *See id*. at 414.

To determine whether the exercise of specific jurisdiction comports with due process, the court must consider: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities within the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable," – i.e. is consistent with "fair play and substantial justice." *Carefirst*, 334 F.3d at 397 (internal quotation omitted); *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-78 (1985). A defendant has purposefully availed himself of the privilege of conducting business in the forum state if the defendant has created a "substantial connection" to the forum. *Ellicott Mach. Corp.,*995 F.2d at 477. Resolution here does not require extensive

consideration of this test, however, as the Supreme Court has expressly considered and rejected Perdue's argument, explaining that "[i]f the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." *Burger King*, 471 U.S. at 478 (emphasis in original); *see also Ellicott Mach. Corp.*,995 F.2d at 478-79.

Perdue explicitly points to DBCC's entering into a contract with a Maryland corporation – and nothing more – to justify the court's exercise of jurisdiction over DBCC. Perdue's only assertion that DBCC transacted any business in Maryland is that it entered into a contract with Perdue, a Maryland corporation, and that it was therefore reasonable for DBCC to expect that it may be sued there. Perdue does not dispute, however, that DBCC is a Tennessee corporation, that the contract was negotiated and entered into in North Carolina, that all the work contracted for was to be performed in North Carolina, that the alleged breach arose out of acts related to the North Carolina construction project, and that DBCC has never solicited or performed work in the State of Maryland. (See Def's Reply, Michael Hayes Supplemental Affidavit)

Entering into a contract alone cannot establish sufficient minimum contacts, and would not put DBCC on notice that it "should reasonably anticipate being haled into court" in Maryland. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This court, therefore, lacks jurisdiction. *See, e.g., Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 451-52 (4th Cir.2000)(refusing to extend personal jurisdiction in Virginia over foreign defendant, even though defendant contracted with Virginia corporation after telephone calls, letters and faxes to Virginia, because "bulk of services" not performed in Virginia); *and Ellicott Mach. Corp.*, 995 F.2d at 478-79 (finding contacts with

Maryland "insubstantial," although contract made in Maryland, after purposeful initiation by the foreign defendant and several weeks of negotiations involving letters, faxes, and telephone calls to Maryland).[4]

For the foregoing reasons, the defendant's motion will be granted, in part, and the case will be transferred to the United States District Court for the Western District of North Carolina.[5]

A separate order follows.

May 16, 2006
Date

/s/
Catherine C. Blake
United States District Judge

[4] Venue in Maryland also is improper under 28 U.S.C. § 1391(a) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."). It appears that venue would only be proper in the appropriate districts of Tennessee or North Carolina.

[5] Defendant, a Tennessee corporation, does not oppose transfer to the Western District of North Carolina. (*See* Mot. to Dismiss at 2) By defendant's own account, the construction project is located in Concord, North Carolina, the parties' contract dictates that North Carolina law would govern the contract, and the likely witnesses and project participants are located in North Carolina. (*See* Id.) Transfer to the Western District of North Carolina is appropriate under 28 U.S.C. § 1406(a), and the court's lack of personal jurisdiction does not deprive the court of the ability to do so. *See Thornton v. Chrysler Corporation*, 581 F.Supp. 84, 85 (D.Md. 1983)(citing *Goldlawr v. Heiman*, 369 U.S. 463, 466 (1962)); *and Foremost Pipeline Constr. Co. Inc. v. Ford Motor Co. Inc.*, 420 F.Supp. 647, 649 (D.S.C. 1976)(noting that the Fourth Circuit, in *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266 (4th Cir. 1976), "adopted the view that a district court which lacks in personam jurisdiction over a defendant can nevertheless order a transfer of venue to the proper district pursuant to 28 U.S.C. § 1406(a)").